UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARELL KINGSBERRY,

                        Plaintiff,

        - against -

CITY OF NEW YORK,
NEW YORK CITY DEPARTMENT OF CORRECTIONS,
CORRECTIONS OFFICER COOPER,
CORRECTIONS OFFICER GRINNAGE,
CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-2,

                        Defendants.
------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**



Plaintiff, DARELL KINSGBERRY, by his attorneys, NASS & ROPER LAW, LLP, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, DARELL KINGSBERRY, seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about May 20, 2014, at approximately 11:30 A, at or near the location of the Otis Bantum Correctional Center (OBCC), 16-00 Hazen Street in the County of Bronx, City and State of New York, Plaintiff was falsely arrested and assaulted by Defendants including, but not limited to, CORRECTIONS OFFICER COOPER, CORRECTIONS OFFICER GRINNAGE, and CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-2. It is alleged that Defendants used excessive force in effectuating his arrest, and subjected Plaintiff to cruel and unusual punishment in violation of his constitutional rights.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3. Plaintiff, DARELL KINGSBERRY, at all times relevant hereto resided in Kings County, specifically 847 Halsey Street, in the County of Brooklyn, City and State of New York.

4. Defendant, CITY OF NEW YORK, (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Department of Corrections and as such is the public employer of the Defendant officers herein.

5. That, upon information and belief and at all times herein mentioned, Defendant, NEW YORK CITY DEPARTMENT OF CORRECTIONS, (hereinafter "DOC") is an agency of Defendant, CITY OF NEW YORK, and conducts business in the Counties of Bronx and New York in the State and City of New York

6. Defendant, CORRECTIONS OFFICER COOPER (SH: 14487) was a New York City Department of Corrections Officer, and at all relevant times hereto, acted in that capacity as an agent, servants and/or employee of Defendant CITY and within the scope of their employment.

7. Defendant, CORRECTIONS OFFICER GRINNAGE (SH: 18825) was a New York City Department of Corrections Officer, and at all relevant times hereto, acted in that

capacity as an agent, servants and/or employee of Defendant CITY and within the scope of their employment.

8. Defendants, CORRECTIONS OFFICERS JANE/JOHN DOE(S) #'s 1-2 were New York City Department of Corrections Officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

9. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of DOC and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

10. On or about May 20, 2014, at approximately 11:30 a.m., Plaintiff, DARELL KINGSBERRY ("KINGSBERRY"), was at the Otis Bantum Correctional Center (OBCC) in Bronx, New York.

11. Plaintiff was told by defendants that he was going to be able to speak to his ailing mother on the phone as he had requested.

12. Plaintiff was escorted in handcuffs by defendants down to an area where he would be permitted to make his phone call, where he was then told that he would have to go back to his cell.

13. Plaintiff requested the phone call that he had been promised and was then tackled to the ground by Defendants, CORRECTIONS OFFICER COOPER, CORRECTIONS

OFFICER GRINNAGE, and CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-2, causing serious injury to his hand and face.

14. Plaintiff was brought to his feet by defendants and told to walk back to his cell.

15. Plaintiff needed his cane to walk and told defendants; at which point he was slammed down to the floor again causing further injury.

16. Plaintiff would be brought to the clinic where they took photos of his injuries and then brought back to his cell.

17. While in his cell, plaintiff's injuries continued to worsen and a Captain would come and take him back to the clinic where he would receive further medical treatment.

18. That as a result of this incident, plaintiff sustained severe physical injuries and permanent damage.

19. That on or around the 3rd day of June, 2014, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

20. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

### V. FIRST CAUSE OF ACTION
**Pursuant to §1983 (EXCESSIVE FORCE)**

21. Paragraphs 1 through 20 are hereby re-alleged and incorporated by reference herein.

22. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

23. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

24. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the officers.

25. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

26. That Plaintiff suffered serious permanent physical injuries from Defendant's use of excessive force.

27. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

28. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

29. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

30. That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

31. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff,

agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

32. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

33. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

34. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

35. Paragraphs 1 through 34 are hereby re-alleged and incorporated by reference herein.

36. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

37. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

38. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

39. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the officers.

40. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

41. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

42. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York

43. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (CRUEL AND UNUSUAL PUNISHMENT)

44. Paragraphs 1 through 43 are hereby re-alleged and incorporated by reference herein.

45. That the attacks on plaintiff by Defendants, CORRECTIONS OFFICER COOPER, CORRECTIONS OFFICER GRINNAGE, and CORRECTIONS OFFICER JOHN/JANE DOE(S) #'S 1-2, were both sadistic in nature and the cause of serious permanent physical injuries upon Plaintiff.

46. That Defendants had no good-faith belief that their use of force was used to maintain or restore discipline against KINGSBERRY, but maliciously intended to cause grievous bodily injury to him.

47. That Defendants use of force to punish Plaintiff was objectively harmful enough to cause a serious physical injury to KINGSBERRY.

7

48. That Defendants violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishments.

49. That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of using cruel and unusual punishment against prisoners

50. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

51. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

52. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

53. By reason of the foregoing, Plaintiff suffered serious physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (CRUEL AND UNUSUAL PUNISHMENT)

54. Paragraphs 1 through 53 are hereby re-alleged and incorporated by reference herein.

55. That the attacks on KINGSBERRY, by Defendants, CORRECTIONS OFFICER COOPER, CORRECTIONS OFFICER GRINNAGE, and CORRECTIONS

8

OFFICER JOHN/JANE DOE(S) #'S 1-2, were both sadistic in nature and the cause of serious permanent physical injuries upon Plaintiff.

56. That Defendants had no good-faith belief that their use of force was used to maintain or restore discipline against KINGSBERRY, but intentionally caused injury to Plaintiff only to cause grievous bodily injury.

57. That Defendants use of force to punish Plaintiff was objectively harmful enough to cause a serious physical injury to KINGSBERRY.

58. That Defendants violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishments.

59. By reason of the foregoing, Plaintiff suffered serious physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

60. Paragraphs 1 through 59 are hereby re-alleged and incorporated by reference herein.

61. That Defendants intended to cause harmful bodily contact to Plaintiff.

62. That Defendants, in a hostile manner voluntarily caused Plaintiff's injuries.

63. That Defendants contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

64. That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. TENTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

73. Paragraphs 1 through 72 are hereby re-alleged and incorporated by reference herein.

74. That at all times, all Defendants were acting within the scope of their employment.

75. That Defendant CITY was able to exercise control over Defendant Officers' activities.

76. That Defendant CITY is liable for Defendant Officers' actions under the doctrine of respondeat superior.

77. By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from May 20, 2014; and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
      February 24, 2015

Yours, etc.

*[signature]*

JUSTIN M. ROPER, ESQ.
ATTORNEY FOR PLAINTIFF
NASS & ROPER LAW, LLP
14 PENN PLAZA, SUITE 2004
NEW YORK, NEW YORK 10122

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, DARELL KINGSBERRY. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:   New York, New York
         February 24, 2015

JUSTIN M. ROPER, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARELL KINGSBERRY,

                              Plaintiff,

– against –

CITY OF NEW YORK, ET AL.

                              Defendants.

## SUMMONS & VERIFIED COMPLAINT

NASS & ROPER LAW, LLP
*Attorneys for Plaintiff*
DARELL KINGSBERRY
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246*

---

* Not for service of papers.