UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :        15cv1481 (DLC)
DARNELLA KINGSBERRY as administrator     :
of the estate of DARELL KINGSBERRY,      :     MEMORDANDUM OPINION
                                         :         AND ORDER
                      Plaintiff,         :
                                         :
          -v-                            :
                                         :
CITY OF NEW YORK, NEW YORK CITY          :
DEPARTMENT OF CORRECTIONS, CORRECTION    :
OFFICER COOPER, CORRECTION OFFICER       :
GRINNAGE, CORRECTIONS OFFICER            :
JOHN/JANE DOE(S) #1-2,                   :
                                         :
                      Defendants.        :
                                         :
---------------------------------------- X
APPEARANCES

For the plaintiff:
Justin Maurice Roper
Nass & Roper Law
14 Penn Plaza, Suite 2004
New York, NY 10001

For the defendants:
Shira Rachel Siskind
New York City Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

     The plaintiff has moved for an extension of time to serve

individual defendants.  For the following reasons, the

application is denied.

## Background

     The original plaintiff in the above-captioned action,

Darell Kingsberry, filed his complaint on February 27, 2015,
naming as defendants the City of New York (the "City"), the New
York City Department of Corrections (the "DOC"), Corrections
Officer Cooper ("Cooper"), Corrections Officer Grinnage
("Grinnage", together with Cooper, the "Individual Defendants"),
and two unnamed corrections officers.  At that time, the
plaintiff was granted leave to proceed in forma pauperis.  The
plaintiff served the City and the DOC on March 4 through a
process server named Anderson Chan.  The plaintiff did not serve
the Individual Defendants.

At a July 10, 2015 conference, fact discovery was scheduled
to close on October 30, 2015.  Expert discovery was to conclude
on January 22, 2016, and a Joint Pretrial Order was due February
19.  On September 4, 2015, defense counsel filed a notice of
suggestion of death.  By order dated February 29, 2016, Darnella
Kingsberry ("Kingsberry") was substituted as plaintiff because
Darell Kingsberry had died on August 15, 2015.  An Order of
March 4, 2016, revised the schedule for fact and expert
discovery and gave the parties until July 29 to file a Joint
Pretrial Order.  Trial is scheduled for September 2016.

On April 15, Kingsberry submitted a letter requesting an
extension of time to serve the Individual Defendants until April
29, arguing that it had "only recently come to Plaintiff's

attention that the named officers were never served," and that this failure was an oversight by counsel.[1]  By Order on April 18, the Court required Kingsberry to bring a formal motion under Federal Rule of Civil Procedure 6(b)(1) and required that Kingsberry notify the Court of the steps that had been taken to diligently pursue service on the Individual Defendants.

On April 22, Kingsberry submitted a letter in response the Court's April 18 Order and filed a motion under Rule 6(b)(1), arguing that service on the Individual Defendants should have been carried out by the U.S. Marshals because plaintiff is proceeding in forma pauperis.  Kingsberry's letter stated that (1) neither the plaintiff nor plaintiff's counsel had taken any steps to request that service be effectuated by the U.S. Marshals, (2) no steps had been taken to request an extension of time to serve the Individual Defendants, and (3) nothing had been done to advise the Court that the plaintiff required assistance in determining the addresses of the Individual Defendants.  The City has opposed the motion; the motion became fully submitted on April 29.

---

[1] The April 15 letter motion was incorrectly addressed to Magistrate Judge Netburn.  The parties had been referred to Magistrate Judge Netburn solely for purposes of settlement.

**Discussion**

Under Rule 6(b)(1), the court may extend a deadline after it has expired if the party's failure to meet the deadline was due to excusable neglect.  Fed. R. Civ. P. 6(b)(1).  In determining whether excusable neglect has been shown, courts are to consider four factors: (1) the danger of prejudice to the party opposing the extension; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the party seeking the extension; and (4) whether the party seeking the extension acted in good faith.  In re Am. Express Fin. Advisors Sec. Litig., 672 F.3d 113, 129 (2d Cir. 2011).

A plaintiff has 120 days[2] to serve a defendant with process. Fed. R. Civ. P. 4(m).  If a plaintiff fails to timely serve a defendant, the court must either (1) dismiss the action without prejudice against that defendant, (2) order that service be made within a specified time, or (3) if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  Id.  A party may request

---

[2] Rule 4 was amended, effective December 1, 2015, to shorten the time to serve to 90 days.  The complaint in this action was filed before the amendment took effect.

that service be made by a U.S. Marshal, and when such a request

is made by a party proceeding in forma pauperis, the request

must be granted.  Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d)

("The officers of the court shall issue and serve all process

. . . in [in forma pauperis] cases.").

"The failure of the U.S. Marshals Service to properly

effect service of process constitutes 'good cause' for failure

to effect timely service, within the meaning of Federal Rule of

Civil Procedure 4(m)."  Walker v. Schult, 717 F.3d 119, 123 n.6

(2d Cir. 2013).  Once a party is granted the right to proceed in

forma pauperis, it "shift[s] the responsibility for serving the

complaint from [the plaintiff] to the court."  Wright v. Lewis,

76 F.3d 57, 59 (2d Cir. 1996); see also Romandette v. Weetabix

Co., 807 F.2d 309, 311 (2d Cir.1986) (reversing dismissal where

the U.S. Marshals Service failed to effect timely personal

service through no fault of the plaintiff).

A party proceeding in forma pauperis, however, is not

relieved of all responsibility to effectuate service on the

defendants.  First, a party can be required to affirmatively

request that the U.S. Marshals effectuate service.  Nagy v.

Dwyer, 507 F.3d 161, 164 (2d Cir. 2007).  Second, a plaintiff

can be required to verify that service has been made, and if it

becomes apparent that the U.S. Marshals will not timely serve

the defendants, the plaintiff must advise the Court and request

an extension of time to serve.  Meilleur v. Strong, 682 F.3d 56,

63 (2d Cir. 2012).

     According to the guidance promulgated by the Southern

District of New York's Office of Pro Se Litigation, parties

proceeding in forma pauperis may effectuate service through the

U.S. Marshals Service.  See Office of Pro Se Litigation, IFP

Cases - Service by the U.S. Marshals, available at

http://intranet.nysd.circ2.dcn/prose#Service.  But, the U.S.

Marshals will not effectuate service without a Court order, and

the plaintiff must use a form USM-285, which calls for the names

and addresses of the defendants to be served.  See U.S.

Department of Justice, United States Marshals Service, Form USM-

285.

     Kingsberry has not shown that her failure to timely serve

the Individual Defendants was due to excusable neglect.  With

respect to the first factor, the potential for prejudice, this

action was filed over a year ago, and discovery has been ongoing

for over nine months.  Trial is scheduled for September.

Allowing the Individual Defendants to be brought into the case

at this juncture would likely result in delay.  As to the second

factor, the length of delay, the plaintiff's request for an

extension comes over nine months after the deadline to serve the

Individual Defendants.  With respect to the third factor, the reasons for the delay were in the plaintiff's control. Kingsberry admits that she took no steps to request that the U.S. Marshals effectuate service on the Individual Defendants; neither she nor her predecessor filed a form USM-285 or requested the Court's assistance in effectuating service.  This is despite the fact that both Kingsberry and the original plaintiff were represented by counsel for the entirety of this action, who should have been aware of the lack of service on the Individual Defendants and taken appropriate action earlier. Finally, Kingsberry's argument that the plaintiff was relying on the U.S. Marshals to serve the Individual Defendants is undermined by the fact that the plaintiff used a process server, not the U.S. Marshals, to serve the City and the DOC.  Taking all these factors into consideration, Kingsberry has not shown excusable neglect in failing to timely serve the Individual Defendants.

## Conclusion

Kingsberry's April 22 motion for an extension of time to serve the Individual Defendants is denied.  All claims against Cooper and Grinnage are dismissed.

Dated:    New York, New York
          May 13, 2016

                          _____
                                   DENISE COTE
                          United States District Judge